# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-3495 PA (RAOx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Yohana Montanez v. Securitas Sec. Servs. USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Charles A. Rojas | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Securitas Security Services USA, Inc. ("Securitas") on May 9, 2017. (Docket No. 1 ("NOR").) Securitas asserts that the Court has diversity jurisdiction over this California Fair Employment and Housing Act (FEHA) sexual harassment action, brought by plaintiff Yohana Montanez ("Plaintiff") against defendants Securitas, Plaintiff's former employer; Keeshan Williams, Plaintiff's former supervisor; and John Hicks, Plaintiff's former co-worker. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Securitas must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-3495 PA (RAOx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Yohana Montanez v. Securitas Sec. Servs. USA, Inc., et al. | | |

Here, Securitas's Notice of Removal alleges:

> Plaintiff is, and was at the time of filing her Complaint, a citizen of the State of California. In the Complaint of Discrimination that Plaintiff submitted to the DFEH on August 12, 2016, she alleges that she resides in the 'City of Baldwin Park, State of California.' See Exh. 9. In the amended Complaint of Discrimination that Plaintiff submitted to the DFEH on April 14, 2017, she alleges again that she resides in the City of Baldwin Park, State of California.' See id.

(NOR ¶ 13.) Thus, Securitas appears to rely on Plaintiff's allegations of residence to attempt to establish her citizenship. Because an individual is not necessarily domiciled where she resides, Securitas's allegation of Plaintiff's citizenship, relying solely on residence, is insufficient to establish that she is a California citizen or the existence of complete diversity. See Kanter, 265 F.3d at 857.

In addition, the Notice of Removal fails to allege the citizenship of Hicks. (See NOR ¶ 16.) Instead, Securitas urges the Court to disregard his citizenship because he is fraudulently joined. (Id. ¶ 17.) The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the allegedly fraudulently joined defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3495 PA (RAOx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Yohana Montanez v. Securitas Sec. Servs. USA, Inc., et al. | | |

Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)). If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (brackets in Mireles) (quoting Macey v. Allstate Property & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)).

Securitas argues that Plaintiff cannot state a claim against Hicks because Plaintiff failed to timely exhaust administrative remedies against him. (NOR ¶ 17.) California law requires exhaustion of FEHA administrative remedies prior to bringing FEHA claims in a civil action. Chavira v. Payless Shoe Source, 140 F.R.D. 441, 443 (E.D. Cal. 1991) (citing Rojo v. Kliger, 52 Cal. 3d 65 (1990)). Under FEHA, an administrative complaint must be filed with the Department of Fair Employment and Housing (DFEH) within one year of the allegedly discriminatory conduct. Cal. Gov. Code. § 12960(d).

Plaintiff filed her original DFEH administrative complaint in August 2016. (NOR, Exh. 9.) That complaint did not mention Hicks by name. (See id.) Plaintiff amended the DFEH complaint in April 2017, adding Hicks as a respondent. (Id.) Hicks had stopped working at the same site as Plaintiff and resigned from his position at Securitas more than one year before that amendment. (NOR ¶ 18 (citing Docket No. 7, Carson Decl. ¶¶ 5–6).) Thus, according to the Notice of Removal, Hicks's conduct alleged in the amendment could not have occurred within the one year preceding the amendment, and Plaintiff's pursuit of her administrative claim against Hicks was untimely. (NOR ¶ 18 (citing Ortiz v. Sodexho, Inc., Case No. 10-CV-2224 JLS (RBB), 2011 U.S. Dist. LEXIS 81065, at *13 (S.D. Cal. July 26, 2011).)

California appellate courts have concluded that "what is submitted to the DFEH must not only be construed liberally in favor of plaintiff, it must be construed in light of what might be uncovered by a reasonable investigation." See Nazir v. United Airlines, Inc., 178 Cal. App. 4th 243, 268 (2009) (citing Baker v. Children's Hosp. Med. Ctr., 209 Cal. App. 3d 1057 (1989)). In accordance with this standard, some courts have determined that "a suit may be brought against a party not named in the [DFEH] charge, if the party's involvement was likely to have been revealed in the course of the administrative process," and he was on notice of the charge. See, e.g., Chavira, 140 F.R.D. at 445; Corkill v. Preferred Emp'rs Grp. LLC, Case No. 11cv505 - IEG (WMC), 2011 U.S. Dist. LEXIS 136511, at *26 (S.D. Cal. Nov. 28, 2011); see also Saavedra v. Orange Cnty. Consol. Transp. etc. Agency, 11 Cal. App. 4th 824, 827 (1992) (action against defendant who was described in the administrative complaint, but not named in that complaint, was not barred). But see Cole v. Antelope Valley Union High Sch. Dist., 47 Cal. App. 4th 1505, 1515 (1996) ("In order to bring a civil lawsuit under the FEHA, the defendants must have been named in the caption or body of the DFEH charge.").

Resolving all ambiguities of state law in favor of Plaintiff, a state court would consider whether a reasonable administrative investigation might have uncovered Hicks's alleged conduct, and whether he was on notice of the charge, to determine whether Plaintiff's claim is time-barred. Securitas has not

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3495 PA (RAOx) | Date | May 12, 2017 |
|---|---|---|---|
| Title | Yohana Montanez v. Securitas Sec. Servs. USA, Inc., et al. | | |

argued or presented evidence that Hicks's conduct alleged in the Complaint would not likely have been uncovered during the administrative process nor that Hicks was not on notice of the claims. Therefore, Securitas has failed to demonstrate that under state law, when read most favorably to Plaintiff, Plaintiff's claim against Hicks could not possibly succeed.

      Moreover, even if Plaintiff had failed to timely exhaust administrative remedies as to Hicks, on this record, the Court cannot conclude that Plaintiff would not be afforded leave to amend her Complaint to state a viable nonstatutory claim against Hicks. See Padilla, 697 F. Supp. 2d at 1159 (remanding because "Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover"). Such claims are not subject to FEHA's exhaustion requirements, and are not preempted by FEHA. See Rojo, 52 Cal. 3d at 88 ("[E]xhaustion [of the FEHA administrative remedy] is not required before filing a civil action for damages alleging nonstatutory causes of action."); Ortega v. Contra Costa Cmty. Coll. Dist., 156 Cal. App. 4th 1073, 1086 (2007) (same); Stevenson v. Super. Ct., 16 Cal. 4th 880, 901 (1997) ("FEHA does not preempt any state common law remedies for employment discrimination").

      Thus, the Court finds that Securitas has not met its "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on a claim against Hicks. See Plute, 141 F. Supp. 2d at 1008. As a result, the Court finds that Hicks has not been fraudulently joined, and this Court cannot ignore his citizenship for purposes of assessing the propriety of Securitas's Notice of Removal. Accordingly, Securitas has not demonstrated complete diversity of citizenship.

      For the foregoing reasons, Securitas has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC649917, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.